IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:96-93-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Robert Beckworth, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Robert Beckworth's ("Beckworth") motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Beckworth is a federal prisoner proceeding pro se. The United States Court of Appeals for the Fourth Circuit has admonished the court to be watchful and distinguish "a proper Rule 60(b) motion from a successive [motion pursuant to 28 U.S.C. § 2255] in 60(b)'s clothing." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (internal quotation marks omitted). "[A] district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255 motion]." Id. at 206. Furthermore, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals." Id. at 205.

Therefore, the court must distinguish a proper Rule 60(b) motion from a successive § 2255 motion. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [§ 2255 motion], while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207. In his motion, Beckworth argues that he was improperly sentenced as a career offender because one of his underlying state court convictions used in calculating

1

his criminal history points has been reversed. Beckworth's motion attacks the validity of his sentence. Therefore, the court construes Beckworth's instant motion as one to vacate, set aside, or correct his sentence pursuant to section 2255.[1] Because Beckworth has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. As Beckworth failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Beckworth's motion is dismissed. Id. at 205.

Therefore, it is

**ORDERED** that the Clerk of Court shall assign a civil docket number and docket this case as a motion pursuant to 28 U.S.C. § 2255. It is further

**ORDERED** that Beckworth's § 2255 motion is dismissed.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 13, 2005

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Because this is a successive motion pursuant to § 2255, United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), does not apply.

2